THOMPSON COBURN LLP
1909 K Street, N.W.
Suite 600
Washington, D.C. 20006-1167
Phone: 202-585-6900

FARER FERSKO
A Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ 07091-0580
Phone: 908-789-8550
Attorneys for Plaintiff
SLM Financial Corporation

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| SLM FINANCIAL CORPORATION d/b/a SALLIE MAE MORTGAGE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL W. MITCHELL; MWM OF NEW JERSEY, INC. A/K/A M.W.M. OF NEW JERSEY, INC.; ANCHOR BEACH CLUB, LLC; 108 EAST RAMBLER AVENUE, LLC; GRAMMERCY AVENUE, LLC,<br><br>Defendants. | Civil Action No. 01:09-CV-3379 (RMB) |

## AMENDED COMPLAINT

Plaintiff SLM Financial Corporation ("SLM"), by counsel, as and for its Amended

Complaint alleges as follows:

**THE PARTIES**

1. SLM is a corporation formed under the laws of the State of Delaware and conducting business related to commercial and residential mortgages in the State of New Jersey, with offices and a principal place of business located at 300 Continental Drive, 1 South, Newark, Delaware.

2. MWM of New Jersey, Inc., aka M.W.M. of New Jersey, Inc. ("MWM"), is a New Jersey Corporation with offices and/or a principal place of business at 524 White Horse Pike, Audubon, New Jersey.  Michael W. Mitchell ("Mitchell") owns, operates and is President of MWM.

3. Defendant Anchor Beach Club, LLC ("Anchor") is a New Jersey limited liability company with offices and/or principal place of business at 524 White Horse Pike, Audubon, New Jersey.  Anchor is owned and operated by its two members, MWM and Mitchell.

4. Defendant 108 East Rambler Avenue, LLC ("Rambler") is a New Jersey limited liability company with offices and/or a principal place of business at 524 White Horse Pike, Audubon, New Jersey.  Rambler is owned and operated by its two members, MWM and Mitchell.

5. Defendant Grammercy Avenue, LLC ("Grammercy") is a New Jersey limited liability company with offices and/or a principal place of business at 524 White Horse Pike, Audubon, New Jersey.  Grammercy is owned and operated by its two members, MWM and Mitchell.

6. Defendant Mitchell is the President and sole shareholder of MWM and is a member of Anchor, Rambler, and Grammercy.  Mitchell resides and is a citizen of Haddonfield, New Jersey, maintains his personal and business office and the business office of MWM, Anchor, Rambler and Grammercy in Audubon, New Jersey.  Mitchell is a resident and citizen of the State of Jersey.

## JURISDICTION

7. This Court has subject matter jurisdiction pursuant to Title 28, United States Code, Section 1332.  SLM is a citizen of the State of Delaware, MWM, Anchor, Rambler, Grammercy, and Mitchell are citizens of the State of New Jersey and the amount in controversy in each claim exceeds $75,000 exclusive of interest and costs.

8. Defendants MWM, Anchor, Rambler, Grammercy and Mitchell (referenced herein as "Defendants" unless identified individually) consented by agreement to the jurisdiction of the Courts located within New Jersey and to application of New Jersey law.

## VENUE

9. Venue in Camden County is proper. SLM extended the credit facilities that are the subject of this suit in this venue, to and for the benefit of Defendants situated in Audubon, New Jersey, in and from SLM's former office in Burlington County, New Jersey.

## FACTS

10. In 2006 and 2007, SLM made seven commercial loans separately to MWM, Anchor, Rambler, Grammercy and Mitchell in the aggregate original principal amount of $10,373,000.00 (collectively, the "Loans" and individually as the context requires, a "Loan").

11. Defendants secured repayment of the Loans with duly executed and recorded mortgages and/or deeds of trust encumbering certain properties that Defendants had acquired, refinanced, constructed and/or maintained with the proceeds of the Loans.

12. Mitchell individually and personally agreed to provide and guaranteed repayment in full on all the Loans.  Mitchell's personal agreements included the obligation to repay all principal, interest, late fees, attorney's fees and other costs and expenses due under the notes and other documents evidencing and relating to the Loans.

13. Beginning in late 2008 and early 2009 and continuing through the date of this Amended Complaint, Defendants defaulted on all the Loans by, *inter alia*, ceasing all payments of principal and interest, failing to pay off loans in full upon maturity and refusing to make other payments due under the applicable Loan agreements.

14. Defendants also committed numerous performance defaults including, *inter alia*, (i) Incurring other substantial financial liabilities unrelated to the Loans and encumbering the properties without SLM's consent; (ii) Failing to initiate, resume and/or complete construction within the proper, proscribed and promised time frames and/or deadlines; (iii) Encumbering the properties that secure the Loans with additional second, third, fourth and sometimes multiple additional mortgages, all without SLM's express written consent, as required by and in violation of the Loan agreements; and (iv) Becoming insolvent and/or suffering materially adverse changes in their business and operations.

**COUNT ONE**
**BREACH OF CONTRACT**
**108 EAST RAMBLER AVENUE, WILDWOOD, NEW JERSEY**

15. SLM repeats each and every allegation in paragraphs 1 - 14 above, as if restated herein.

16. On September 12, 2007, Rambler and MWM executed and delivered a Note in the original principal amount of $745,000.00 made payable to SLM, evidencing a Loan from SLM to MWM in that amount and promising to repay such amount in interest only payments beginning on October 12, 2007, to be paid on the 12th day of each month thereafter.

17. Rambler and MWM agreed to pay an adjustable interest rate initially set at 9.75%, which adjusted according to the rates set by the London Market. MWM also agreed to repay the Loan in full no later than March 12, 2009.

18. The Note included the following terms and conditions:

    A. Failure to make any payment, of any amount of any monthly payment of principal and interest or late charges, taxes, insurance or any other fees or costs, in full on the date said payment is due is an event of default;

    B. Upon the occurrence of any event of default, if the amount due was not paid following thirty (30) days written notice, SLM had the right to demand immediate payment of the full balance of principal and interest due on the Note;

    C. If any payment was not made within fifteen (15) days of its due date, a late charge of five percent (5%) of such payment also was due; and

    D. SLM was entitled to recover the reasonable costs and expenses incurred in enforcing its rights under the Note, including attorney's fees.

19. As a material inducement to SLM to enter into the Loan, contemporaneously with execution of the Note, Rambler executed and delivered to SLM associated Loan documents including a Mortgage and Security Agreement encumbering the real property located at 108 East Rambler Avenue, Wildwood, New Jersey as security for repayment of the indebtedness evidenced by the Note.

20. In connection Rambler made the following representations and warranties by MWM:

    A. As of the date of the Mortgage and Security Agreement, and at all times thereafter Rambler would be solvent;

    B. Rambler would have sufficient cash flow to enable it to pay its debts as they mature and would not have unreasonably small capital for the business in which it is engaged;

    C. Rambler would not incur any indebtedness for borrowed money other than the Loan and any subsequent indebtedness to SLM; and

    D. Any occurrence of an event of default under the Note, Mortgage and Security Agreement or under the Loan documents related to any other Loan would permit SLM: (i) to declare the entire amount of the Loan and other obligations to be immediately due and payable; (ii) to take any action at law or in equity to collect the sums due and owing; and (iii) to exercise any and all rights and remedies available under the Uniform Commercial Code and other applicable laws.

21. Consistent with his agreement and obligations on all SLM loans, Mitchell personally, individually and unconditionally guaranteed all payments due and the performance of all other obligations under the Note and Loan and Security Agreement.

22. On December 1, 2008, Rambler, MWM and Mitchell defaulted under the terms and conditions of the Note and Mortgage and Security Agreement by failing to make a monthly payment to SLM in the amount of $4,506.25.

23. Thereafter, Rambler and MWM also failed to make the monthly payments due to SLM for the month of January 2009 and the following months in 2009.

24. Based on Rambler's MWM's and Mitchell's defaults and as allowed under and in accordance with the terms of the Note, Mortgage and Security Agreement and Personal Guaranty, SLM notified Rambler and MWM and Mitchell of its intention to accelerate all amounts due under the Note, and demand the entire amount due.

25. At the time of said notice, Rambler and MWM were required to make payment to SLM in the sum of $12,948.48 to reinstate the loan.  Rambler, MWM and Mitchell failed to make the payments required under the Note.

26. Without SLM's express written consent, Rambler had incurred additional debt on the Property in the form of a Mortgage given to Megan, LLC dated October 17, 2007 in the amount of $266,666.67, and additional default.

27. Rambler and MWM subsequently defaulted on the Note, Mortgage and Security Agreement and other associated Loan documents as follows:

    A. Upon information and belief, Rambler became insolvent and/or failed to have sufficient cash flow to enable it to pay its debts as they mature and become due;

    B. Upon information and belief, Rambler had unreasonably small capital for the business in which it is engaged;

    C. Mitchell failed to honor his obligations under the Personal Guaranty Agreement; and

    D. MWM and related entities owned and operated by MWM and/or Mitchell defaulted on other Notes and other Mortgage and Loan and Security Agreements with SLM.

28. Rambler's, MWM's and Mitchell's acts and omissions are breaches of MWM's and Mitchell's promises, representations, warranties, covenants and obligations to SLM under the Note, Mortgage Security Agreement, Personal Guaranty and other associated Loan documents.

**WHEREFORE**, Plaintiff SLM Financial Corporation demands judgment against 108 East Rambler Avenue, LLC. MWM of New Jersey, Inc. and Michael W. Mitchell, jointly and severally, for the principal sum of $782,757.12, plus interest, attorney's fees, costs, and any other relief that the Court deems just and equitable.

**COUNT TWO**
**BREACH OF CONTRACT**
**209-211 EAST POPLAR. AVENUE, WILDWOOD, NEW JERSEY**

29. SLM repeats each and every allegation in paragraphs 1 - 28 above, as if restated herein.

30. On April 18, 2007, MWM executed and delivered a Note in the original principal amount of $1,000,000.00 made payable to SLM evidencing a Loan from SLM to MWM in that amount and promising to repay such amount in initial monthly payments of $7,330.68 payments starting on June 1, 2007 to be paid on the 1st day of each month thereafter.

31. MWM agreed to pay an adjustable interest rate initially set at 7.99%, which adjusted according to the rates set by the London Market.  MWM also agreed to repay the loan in full no later than May 1, 2037.

32. The Note contained provisions regarding events of default, acceleration, late charges and the right to recover costs and expenses that are the same as and/or are substantially similar to the provisions in the Note evidencing the indebtedness that is the subject of Count One.

33. MWM also executed and delivered to SLM associated Loan documents including a Mortgage and Security Agreement encumbering the real property located at 209-211 East Poplar. Avenue, Wildwood, New Jersey as security for repayment of the indebtedness evidenced by the Note, which contained representations and warranties to SLM in order to induce SLM to enter into the Note that are the same as and/or are substantially similar to the provisions in the Mortgage and Security Agreement securing the indebtedness that is the subject of Count One.

34. Consistent with his agreement and obligations on all SLM loans, Mitchell personally, individually and unconditionally guaranteed all payments due and the performance of all other obligations under the Note and Mortgage and Security Agreement.

35. In an accommodation to MWM and Mitchell, and at their requests, pursuant to a Loan Modification Agreement dated April 1, 2008, SLM agreed to modify the interest rate and/or interest rate calculation provisions of the Note and other Loan documents.

36. On December 1, 2008, MWM and Mitchell defaulted under the terms and conditions of the Note and Loan and Security Agreement and other associated Loan documents by failing to make a monthly payment to SLM in the amount of $6,165.94.

37. Thereafter, MWM also failed to make the monthly payment due to SLM for the month of January 2009.

38. As a result, SLM notified MWM and Mitchell of SLM's intention to accelerate the indebtedness due under the Note and immediately demand any and all amounts due and

owing.  At the time of said notice, MWM was required to make payment to SLM in the sum of $12,948.48.

39. Despite said notice from SLM, MWM and Mitchell failed to make the payments required under the Note and the Mortgage and/or to take other steps to cure the defaults.

40. Thereafter, MWM defaulted on the monthly payments due to SLM for the months of February and March 2009.

41. Without SLM's express written consent, MWM had incurred additional debt on the Property in the form of a Mortgage given by MWM to Megan, LLC dated October 17, 2007 in the amount of $266,666.67, an additional event of default.

42. MWM's and Mitchell's acts and omissions are breaches of MWM's and Mitchell's promises, representations, warranties, covenants and obligations to SLM under the Note, Loan and Security Agreement, and Personal Guaranty.

**WHEREFORE**, SLM Financial Corporation demands judgment against MWM of New Jersey, Inc. and Michael W. Mitchell, jointly and severally, for the principal sum of $1,044,964.45, plus interest, attorney's fees, costs, and any other relief which the Court deems just and equitable.

<u>**COUNT THREE**</u>
**BREACH OF CONTRACT**
<u>**142 & 166 WEST YOUNGS AVENUE, WILDWOOD, NEW JERSEY**</u>

43. SLM repeats each and every allegation in paragraphs 1 - 42 above, as if restated herein.

44. On April 18, 2007, MWM executed and delivered a Note in the amount of $400,000.00 made payable to SLM evidencing a Loan from SLM to MWM in that amount and promising to

repay such amount in monthly payments of principal and interest, beginning on June 1, 2007, to be paid on the 1st day of each month thereafter.

45. MWM agreed to pay an adjustable interest rate initially set at 7.99%, which adjusted according to the rates set by the London Market. MWM agreed to repay the loan in full no later than May 1, 2037.

46. The Note contained provisions regarding events of default, acceleration, late charges and the right to recover costs and expenses that are the same as and/or are substantially similar to the provisions in the Note evidencing the indebtedness that is the subject of Count One.

47. MWM also executed and delivered to SLM associated Loan documents including a Mortgage and Security Agreement encumbering the real property located at 142 & 166 West Young Avenue, Wildwood, New Jersey as security for repayment of the indebtedness evidenced by the Note, which contained representations and warranties to SLM in order to induce SLM to enter into the Note that are the same as and/or are substantially similar to the provisions in the Mortgage and Security Agreement securing the indebtedness that is the subject of Count One.

48. Consistent with his agreement and obligations on all SLM loans, Mitchell personally, individually and unconditionally guaranteed all payments due and the performance of all other obligations under the Note and Mortgage and Security Agreement.

49. As an accommodation to MWM, on or about April 1, 2008, MWM and SLM entered into a Loan Modification Agreement, which amended the interest rate provisions of the above Note and Mortgage, to now provide for a fixed rate of annual interest at 7.5% and interest only payments to be made to SLM on a monthly basis. Said Loan Modification Agreement further provided that on the conversion date, May 1, 2009, the loan would convert to a one year adjustable rate mortgage, as per the terms of the Note above.

50. Despite said accommodation, on December 1, 2008 and January 1, 2009, MWM and Mitchell defaulted under the terms and conditions of the Note and Loan and Security Agreement by failing to make monthly payments to SLM in the amount of $2,492.74 per month.

51. As a result, SLM informed MWM and Mitchell of its intention to accelerate the indebtedness due under the Note and immediately demand any and all payments due and owing.  At the time of said notice, MWM and Mitchell were required to make payment to SLM in the sum of $5,234.76.

52. Despite said notice from SLM, MWM and Mitchell failed to make the payments required under the Note and the Loan and Security Agreement and/or take other steps to cure their defaults.

53. Thereafter MWM and Mitchell defaulted on the monthly payments due to SLM for the months of February, March, April and May of 2009.

54. MWM and Mitchell subsequently committed the additional defaults under the Note and the Loan and Security Agreement set forth in paragraph 27 above.

55. MWM's and Mitchell's acts and omissions are breaches of MWM's and Mitchell's promises, representations, warranties, covenants and obligations to SLM under the loan agreements.

**WHEREFORE**, SLM Financial Corporation demands judgment against MWM of New Jersey, Inc. and Michael W. Mitchell, jointly and severally, for the sum $421,035.76, plus interest, attorney's fees, costs, and any other relief which the Court deems just and equitable.

## COUNT FOUR
## BREACH OF CONTRACT
## 129 EAST DAVIS AVENUE, WILDWOOD, NEW JERSEY

56. SLM repeats each and every allegation in paragraphs 1-55 above, as if restated herein.

57. On June 26, 2007, related to the purchase of the property at 129 East Davis Avenue, Wildwood, NJ, MWM and Mitchell executed and delivered a Note in the original principal amount of $578,000.00 made payable to SLM evidencing a Loan from SLM to MWM in that amount and promising to repay such amount in interest only payments beginning on July 26, 2007, to be paid on the 26th day of each month thereafter.

58. MWM and Mitchell agreed to pay an adjustable interest rate initially set at 9.75%, which adjusted according to the rates set by the London Market. MWM agreed to repay the loan in full, no later than December 26, 2008.

59. The Note contained provisions regarding events of default, acceleration, late charges and the right to recover costs and expenses that are the same as and/or are substantially similar to the provisions in the Note evidencing the indebtedness that is the subject of Count One.

60. MWM also executed and delivered to SLM associated Loan documents including a Mortgage and Security Agreement encumbering the real property located at 129 East Davis Avenue, Wildwood, NJ as security for repayment of the indebtedness evidenced by the Note, which contained representations and warranties to SLM in order to induce SLM to enter into the Note that are the same as and/or are substantially similar to the provisions in the Mortgage and Security Agreement securing the indebtedness that is the subject of Count One.

61. Consistent with his agreements and obligations on all SLM loans, Mitchell personally, individually and unconditionally guaranteed all payments due and the performance of all other obligations under the Note and Mortgage and Security Agreement.

62. On December 26, 2008, MWM and Mitchell defaulted under the terms and conditions of the Note and Mortgage and Security Agreement and other associated Loan documents by failing to pay off the loan in full, in the amount of $272,461.03.

63. As a result, SLM informed MWM and Mitchell of its intention to accelerate the indebtedness due under the Note and immediately demand any and all payments due and owing.  At the time of said notice, MWM and Mitchell were required to make payment to SLM in the sum of $272,461.03.

64. Despite said notice from SLM, MWM and Mitchell failed to pay off the loan in full as required.

65. MWM and Mitchell subsequently committed the additional defaults under the Note and the Loan and Security Agreement set forth in paragraph 27 above.

66. Without SLM's express written consent, MWM incurred additional debt on the Property in the form of a Mortgage given to Commercial Loans, Inc. dated February 19, 2008 in the amount of $200,000.00.

67. MWM's and Mitchell's acts and omissions are breaches of MWM's and Mitchell's promises, representations, warranties, covenants and obligations to SLM under the loan agreements.

**WHEREFORE**, SLM Financial Corporation demands judgment against MWM of New Jersey, Inc. and Michael W. Mitchell, jointly and severally, for the sum of $286,546.94, plus interest, attorney's fees, costs, and any other relief which the Court deems just and equitable.

**COUNT FIVE**
**BREACH OF CONTRACT**
**5700 -- 5706 PACIFIC AVENUE, WILDWOOD CREST, NEW JERSEY**

68. SLM repeats each and every allegation in paragraphs 1 - 67 above, as if restated herein.

69. On October 27, 2006, MWM and Mitchell executed and delivered a Note in the original principal amount of $2,600,000.00 made payable to SLM evidencing a Loan from SLM to MWM in that amount and promising to repay such amount in interest only payments beginning on November 27, 2006, to be paid on the 27th day of each month thereafter.

70. MWM and Mitchell agreed to pay an adjustable interest rate initially set at 9.25%, which adjusted according to the rates set by the London Market.  MWM agreed to repay the loan in full, no later than April 7, 2007.

71. The Note contained provisions regarding events of default, acceleration, late charges and the right to recover costs and expenses that are the same as and/or are substantially similar to the provisions in the Note evidencing the indebtedness that is the subject of Count One.

72. MWM also executed and delivered to SLM associated Loan documents including a Mortgage and Security Agreement encumbering the real property located at 5700-5706 Pacific Avenue, Wildwood Crest, New Jersey as security for repayment of the indebtedness evidenced by the Note, which contained representations and warranties to SLM in order to induce SLM to enter into the Note that are the same as and/or are substantially similar to the provisions in the Mortgage and Security Agreement securing the indebtedness that is the subject of Count One.

73. Consistent with his agreement and obligations on all SLM loans, Mitchell personally, individually and unconditionally guaranteed all payments due and the performance of all other obligations under the Note, Mortgage and Security Agreement and Construction Loan and Security Agreement.

74. On November 27, and December 27, 2008, MWM and Mitchell defaulted under the terms and conditions of the Note, Mortgage, and Construction Loan and Security Agreement and other associated Loan documents by failing to make a monthly payments to SLM, each in the amount of $8,563.58.

75. As a result, SLM informed MWM and Mitchell of its intention to accelerate the indebtedness due under the Note and immediately demand any and all payments due and owing.  At the time of said notice, MWM was required to make payment to SLM in the sum of $17,279.09.

76. MWM and Mitchell subsequently committed the additional defaults under the Note, the Mortgage and Security Agreement and the Construction and Security Agreement set forth in paragraph 27 above.

77. MWM also failed to make real property tax payments due to the Borough of Wildwood Crest for the first quarter of 2009.

78. MWM's and Mitchell's acts and omissions are breaches of MWM's and Mitchell's promises, representations, warranties, covenants and obligations to SLM under the loan agreements.

**WHEREFORE**, SLM Financial Corporation demands judgment against MWM of New Jersey, Inc. and Michael W. Mitchell, jointly and severally, for the sum of $1,315,539.56, plus interest, attorney's fees, costs, and any other relief which the Court deems just and equitable.

**COUNT SIX**
**BREACH OF CONTRACT**
**101 GRAMMERCY PLACE, ATLANTIC CITY, NEW JERSEY**

79. SLM repeats each and every allegation in paragraphs 1 - 78, as if restated herein.

80. On September 22, 2006, related to the purchase of the property at 101 Grammercy Place, Atlantic City, New Jersey, Grammercy executed and delivered a Note in the original principal amount of $2,250,000.00 made payable to SLM evidencing a Loan from SLM to Grammercy in that amount and promising to repay such amount in interest only payments beginning on November 1, 2006, to be paid on the 1st day of each month thereafter.

81. The Note contained provisions regarding events of default, acceleration, late charges and the right to recover costs and expenses that are the same as and/or are substantially similar to the provisions in the Note evidencing the indebtedness that is the subject of Count One.

82. Grammercy also executed and delivered to SLM associated Loan documents including a Mortgage and Security Agreement encumbering the real property located at 101 Grammercy Place, Atlantic City, New Jersey as security for repayment of the indebtedness evidenced by the Note, which contained representations and warranties to SLM in order to induce SLM to enter into the Note that are the same as and/or are substantially similar to the provisions in the Mortgage and Security Agreement securing the indebtedness that is the subject of Count One.

83. Consistent with his agreement and obligations on all SLM loans, Mitchell personally, individually and unconditionally guaranteed all payments due and the performance of all other obligations under the Note and Mortgage and Security Agreement.

84. On December 1, 2008 Grammercy and Mitchell defaulted under the terms and conditions of the Note, and Mortgage and Security Agreement and other associated Loan documents by failing to make a monthly payment to SLM in the amount of $14,062.50.

85. As a result, SLM informed Grammercy and Mitchell of its intention to accelerate the indebtedness due under the Note and immediately demand any and all payments due and owing.  At the time of said notice, Grammercy was required to make payment to SLM in the sum of $14,062.50.

86. Despite said notice from SLM, Grammercy and Mitchell failed to make the payments required under the Note.  Thereafter Grammercy defaulted on the monthly payments due to SLM for the months of January, February, March, April and May 2009.

87. Grammercy and Mitchell subsequently committed the additional defaults under the Note, the Mortgage and Security Agreement, and the Construction and Security Agreement set forth in paragraph 27 above.

89. Without SLM's express written consent, Grammercy incurred additional debts on the Property in the form of the following mortgages encumbering 101 Grammercy Place, Atlantic City, also defaults under the Loan documents:

    A. To Michael J. Santarpio, Irrevocable Trust dated July 1, 2007 in the amount of $550,000.00;

    B. To Robert Damerjian dated July 1, 2007 in the amount of $500,000.00; and

    C. To Robert Damerjian and Deborah Santarpio-Stanfa dated July 1, 2007 in the amount of $300,000.00.

90. Grammercy additionally failed to make the real property tax payments due to Atlantic City for the first and second quarters of 2009, also defaults under the Loan documents.

91. Grammercy's and Mitchell's acts and omissions are breaches of Grammercy's and Mitchell's promises, representations, warranties, covenants and obligations to SLM under the loan agreements.

**WHEREFORE**, SLM Financial Corporation demands judgment against Grammercy Avenue, LLC and Michael W. Mitchell, jointly and severally, for the sum of $2,369,495.75, plus interest, attorney's fees, costs, and any other relief which the Court deems just and equitable.

<u>**COUNT SEVEN**</u>
**BREACH OF CONTRACT**
<u>**4501 NEW JERSEY AVENUE, WILDWOOD, NEW JERSEY**</u>

92. SLM repeats each and every allegation in paragraphs 1 – 91, as if restated herein.

92. On August 24, 2006, related to the purchase of the property at 4501 New Jersey Avenue, Wildwood, New Jersey, Anchor executed and delivered a Note in the original principal amount of $2,800,000.00 made payable to SLM evidencing a Loan from SLM to MWM in that amount and promising to repay such amount in interest only payments beginning on October 1, 2006, to be paid on the 1st day of each month thereafter.

93. Anchor agreed to pay an adjustable interest rate initially set at 8.99%, which adjusted according to the rates set by the London Market.  Anchor agreed to repay the loan in full, no later than September 1, 2036.

94. The Note contained provisions regarding events of default, acceleration, late charges and the right to recover costs and expenses that are the same as and/or are substantially similar to the provisions in the Note evidencing the indebtedness that is the subject of Count One.

95. Anchor also executed and delivered to SLM associated Loan documents including a Mortgage and Security Agreement encumbering the real property located at 4501 New Jersey Avenue, Wildwood, New Jersey as security for repayment of the indebtedness evidenced by the

Note, which contained representations and warranties to SLM in order to induce SLM to enter into the Note that are the same as and/or are substantially similar to the provisions in the Mortgage and Security Agreement securing the indebtedness that is the subject of Count One.

96. Consistent with his agreement and obligations on all SLM loans, Mitchell personally, individually and unconditionally guaranteed all payments due and the performance of all other obligations under the Note and Mortgage and Security Agreement.

97. On December 1, 2008, Anchor and Mitchell defaulted under the terms and conditions of the Note and Mortgage and Security Agreement and other associated Loan documents by failing to make a monthly payment to SLM in the amount of $17,500.  Thereafter, Anchor also failed to make the monthly payment due to SLM for the month of January 2009.

98. As a result, SLM informed Anchor and Mitchell of its intention to accelerate the indebtedness due under the Note and immediately demand any and all payments due and owing.  At the time of said notice, Anchor was required to make payment to SLM in the sum of $35,875.

99. Despite said notice from SLM, Anchor and Mitchell failed to make the payments required under the Note and the Mortgage, and/or take other steps to cure the alleged defaults as outlined above.

100. Thereafter Anchor defaulted on the monthly payments due to SLM for the months of February, March, April and May 2009.

101. Without SLM's express written consent, Anchor incurred additional debts on the Property in the form of the following mortgages encumbering 4501 New Jersey Avenue, Wildwood, also defaults under the Loan documents:

> A. To The Jana Belansen and Gail Coleman General Partnership, dated November 1, 2007, in the amount of $300,000;

    B. To Gail Coleman, dated June 26, 2008 in the amount of $266,666.67;

    C. To Theresa Castagliuolo, dated June 26, 2008, in the amount of $100,000;

    D. To Patricia Sorensen, dated June 26, 2008, in the amount of $100,000;

    E. To Owen Scot Hand, dated January 23, 2009, in the amount of $100,000;

    F. To  Sally Lou Hand, Joseph D'Urso, Rita D'Urso and Theresa Castaglinolo in the amount of $300,000; and

    G. To Carol S. Schoening, dated June 26, 2008 in the amount of $100,000.

102. Anchor's and Mitchell's acts and are breaches of Anchor's and Mitchell's promises, representations, warranties, covenants and obligations to SLM under the loan agreements.

**WHEREFORE**, SLM Financial Corporation demands judgment against Anchor Beach Club, LLC and Michael W. Mitchell, jointly and severally, for the sum of $2,944,202.51, plus interest, attorney's fees, costs, and any other relief that the Court deems just or proper.

FARER FERSKO, P.A.

By:_____/s/ Daniel Schmutter_____
    Daniel L. Schmutter
    A Professional Association
    600 South Avenue
    P.O. Box 580
    Westfield, NJ 07091-0580
    Phone: 908-789-8550
    Fax:    908-789-8660
    Email:  dschmutter@farerlaw.com

THOMPSON COBURN LLP
    Robert H. Bernstein
    1909 K Street, N.W.
    Suite 600
    Washington, D.C. 20006-1167
    Phone: 202-585-6942
    Fax:    202-518-8013
    Email:
    rbernstein@thompsoncoburn.com

Attorneys for Plaintiff
SLM Financial Corporation